**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH ANTLITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17-cv-8135 |
| v. | ) | Honorable Edmund Chang |
| | ) | |
| FOREST PRESERVE DISTRICT | ) | |
| OF COOK COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RULE 12(B)(6) MOTION TO
DISMISS THE COMPLAINT BASED ON *RES JUDICATA***

Defendant, the Forest Preserve District of Cook County (the "District"), brings this motion to dismiss Plaintiff's First Amended Complaint with prejudice based on the collateral estoppel branch of the *res judicata* doctrine. In support thereof, the District states as follows:

**Introduction**

The doctrine of *res judicata* refers to two separate but related doctrines: claim preclusion and issue preclusion, also known as collateral estoppel. *Hayes v. State Teacher Certification Bd.*, 359 835 N.E.2d 146, 154 -155; 359 Ill.App.3d 1153 (Ill.App.5th Dist.). Issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Federal courts determine whether issue preclusion applies by looking to the preclusion law of the state where the judgment was rendered. 28 U.S.C. § 1738; *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481–82 (1982). In Illinois, the requirements of issue preclusion are as follows: (1) the issues in the cases are identical, (2) there is a final

judgment on the merits, and (3) the party against whom an estoppel is asserted is a party or is in privity with a party to the prior adjudication. *Hayes, Id.*

Here, a final judgment was entered in the case of *Antlitz v. Forest Preserve District of Cook County, et al.,* 2016 CH 15524, in which the Chancery Court of Cook County found that the Plaintiff, Deborah Antlitz ("Antlitz"), had violated the District's personnel policies related to one of the incidents at issue in this case. The standard that was applicable to the Chancery Court proceeding was "good cause." No appeal was taken from the Chancery Court proceeding, and the decision of that court is now final. The Chancery Court's finding that Antlitz committed the infraction charged and that the District had good cause for disciplining Antlitz necessarily excludes the possibility that the District's discipline of Antlitz constituted illegal retaliation. Therefore, the District is entitled to judgment in this case based on issue preclusion.

## Background

The background of this litigation is set out in detail in this Court's Memorandum Opinion and Order of September 30, 2019, in which it granted in part and denied in part the District's Motion for Summary Judgment (the "S J Opinion"). Consequently, only the most salient points will be recited here. This litigation grows out of discipline that the District imposed on Antlitz relating to her conduct in January 2016. S J Opinion p. 14. The District charged Antlitz with three violations of its rules. They were as follows:

    1.     On January 19, 2016, Antlitz sent to third parties an email of a draft resource management plan that O'Leary had directed to her alone. The draft contained internal comments and disagreements that Antlitz's boss had directed solely to Antlitz. Antlitz's email also included a reference to an unrelated report by the OIIG that disclosed negative information about one of Antlitz's co-workers, Laura Anchor. The District alleged that the information regarding the co-worker was not germane

to the draft document and that Antlitz sent it for the sole purpose of embarrassing Ms. Anchor, with whom Antlitz had a contentious relationship.

2.  On January 22, 2016, Antlitz interacted with a contractor who was performing work for the District in a manner that created confusion by giving the contractor instructions that were contrary to the instructions provided to the contractor by the District. As a consequence, the contractor's work was shut down for the day and moved to another location.

3.  On January 25, 2016, after the conclusion of her annual review, Antlitz gave her boss a copy of an email between Antlitz and an inspector with the OIIG's office that indicated that her boss was the subject of an OIIG investigation. Antlitz's boss interpreted Antlitz's handing him the email as her attempt to intimidate him regarding the annual review.

See 10/3/16 Recommended Decision of ALJ Joanne Kinoy at p. 2-3 attached hereto as Exhibit 1.

The District terminated Antlitz. Antlitz appealed her dismissal to the Employee Appeals Board ("EAB"), which referred the matter to ALJ Joanne Kinoy. ALJ Kinoy found that the District had good cause to discipline Antlitz for the first of the three incidents listed above[1]. ALJ Kinoy determined that the proper level of discipline was a 29 day suspension instead of termination. Exhibit 1, p.13. The EAB adopted ALJ Kinoy's decision *in toto*. S J Opinion at 15. Both the District and Antlitz appealed the EAB decision. In a decision dated January 10, 2018, the Chancery Court per Judge Neil L. Cohen, affirmed the EAB decision in all respects except with regard to the level of discipline to be imposed. Judge Cohen remanded the matter to the EAB for the imposition of discipline less than 29 days. See page 5 of Judge Cohen's decision, which is attached hereto as Exhibit 2. Among other things, Judge Cohen affirmed ALJ Kinoy's finding that the District had good cause to discipline Antlitz. Exhibit 2, p. 3. This Court can take judicial notice of the fact that Judge Cohen's decision was a final and appealable order. See copy of the Chancery Court docket

---

[1]ALJ Kinoy used the terms "good cause" and "just cause" interchangeably. Exh. 1, p. 8.

3

attached as Exhibit 3, at p. 6, which indicates that the January 10, 2018 order is "FINAL AND APPEALABLE."

Neither party appealed Judge Cohen's decision, and it became a final, non-appealable decision 30 days after January 10, 2018. Illinois Supreme Court Rule 303 (a)(1). Upon remand, the EAB reduced Antlitz's suspension to 15 days. Exh. 1 at 15. Antlitz appealed that decision in a separate lawsuit, *Antlitz v. Employee Appeals Board, et al.,* 18 CH 10061. That lawsuit is not the subject of this motion.

## ARGUMENT

### I. THE JUDGEMENT IN THE CHANCERY COURT CASE BARS PLAINTIFF FROM RELITIGATING THE ISSUE OF WHETHER THE DISTRICT HAD GOOD CAUSE TO TERMINATE HER EMPLOYMENT.

The Chancery Court decision affirmed the decision of ALJ Kinoy in all respects except for the level of discipline imposed. Exh. 2, p. 5. ALJ Kinoy found that under the District's discipline rules no discipline could be administered absent a finding of good cause. Exh. 1, p. 8. She found further that inherent in a finding of good cause is a determination that discipline was not "arbitrary and capricious." Exh. 1, p. 8. The ALJ noted that the District had charged Antlitz with three separate infractions, and that it was the District's position that any one of those infractions separately justifies the discipline that it imposed. Exh. 1, p. 8. As to the first charged discipline – number 1 above – ALJ Kinoy found that Antlitz exhibited poor judgment and failed to follow instructions in sending the draft resource management plan with her supervisor's comments outside of the District. The ALJ found that based on Antlitz's long tenure with the District, she should have known that it was inappropriate to publish the comments and her responses without approval. Accordingly, ALJ Kinoy found that the District had proved that it had good cause to discipline Antlitz for circulating

4

the draft management resource plan.  Exh. 1, p. 10.    The Chancery Court decision affirmed all of these findings by ALJ Kinoy.

The Chancery Court's decision affirming that Antlitz had committed the infraction charged and that the District had good cause for disciplining Antlitz is binding on this Court because it meets the three part test for imposition of issue preclusion

A.    The Issue in the Chancery Court Case and in This Case Is Identical.

The Illinois Supreme Court has held that in order for there to be estoppel based on a previous judgement, "[i]t is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling in that case and also material and controlling in the pending case.  *Lange v. Coca-Cola Bottling Co. of Chicago*, 44 Ill.2d 73, 75 (1969).  The issue that was material and controlling in the Chancery Court case is that the District had good cause to discipline Antlitz for the infraction involving her circulating a draft management resource plan. Exhibit 1, p. 8.  That same issue is material and controlling in the present case.  Here, the District has offered as one of the bases for its discipline of Antlitz, the same conduct:  that she shared the draft management resource plan containing her supervisor's comments with persons who were not District employees.  S J Opinion, p. 26.  Thus, the issues are identical.

B.    There is a Final Judgment on the Merits.

This court can take judicial notice of the records of the Circuit Court of Cook County, which reflect that on January 10, 2018, a final and appealable order was entered in the case of  *Antlitz v. Forest Preserve District of Cook County, et al.,* 2016 CH 15524.  Exhibit 3, p. 6; *See also General Electric Capital Corporation v. Lease Resolution Corporation,* 128 F. 3d 1074, 1081 (7th Cir. 1997).

5

The judgement was not the result of a procedural dismissal for lack of jurisdiction or otherwise, but rather was a judgment on the merits after vigorous litigation by both parties.

      C.    <u>Antiltz was a Party to the Previous Chancery Court Litigation.</u>

Antiltz was a name party in the case of *Antlitz v. Forest Preserve District of Cook County, et al.,* 2016 CH 15524. She was represented in the Chancery Court by the same attorneys that represent her in the present case in this court. Exh. 3, p. 1. The District was also a party to the Chancery Court case. *Id.*

## II.    BECAUSE THE ISSUE OF WHETHER THE DISTRICT HAD GOOD CAUSE TO DISCIPLINE ANTLITZ IS *RES JUDICATA*, THE DISTRICT IS ENTITLED TO JUDGMENT ON ALL OF ANTLITZ'S RETALIATION CLAIMS.

Antlitz's First Amended Complaint contains three claims of retaliation: retaliation in violation of Title VII (Count II); retaliation in violation of the Illinois Whistleblower Act (Count III); and, retaliation in violation of the Cook County Inspector General Ordinance (Count IV). The preclusive effect of the final judgment of the Chancery Court extinguishes all three of Antlitz's retaliation claims.

      A.    <u>The District is Entitled to Judgment on Antlitz's Title VII Retaliation Claim Because of the Issue Preclusion Effect of the Chancery Court Decision.</u>

In the traditional, burden-shifting analysis of *McDonnell Douglas,* the plaintiff in an employment discrimination or retaliation case has the initial burden of establishing a *prima facie* case. If successful, the burden shifts to the defendant, who must articulate a legitimate, non-discriminatory or non-retaliatory reason for its employment action. Then, the burden shifts back to the plaintiff to produce evidence that the employer's proffered reason is a pretext for discrimination. If the plaintiff fails to prove that the employer's stated reason is a pretext, then the employer is

entitled to judgment. *Barnes v. Board of Trustees,* __ F.3d __ (7th Cir. January 3, 2020) pp. 6, 10; *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Moreover, an evaluation into pretext requires the court to evaluate the honesty of the employer's explanation, rather than its validity or reasonableness. *Hill v. Tangherlini,* 724 F.3d 965, 968 (7th Cir. 2013).

Here, the District's proffered rationale – that Antlitz violated the District's personnel rules – is irrefutable because the Chancery Court has already decided that the District had good cause for disciplining Antlitz for the same conduct that is at issue in this case. As a consequence, Antlitz is precluded from offering evidence to rebut the District's proffered rationale. Antlitz cannot offer evidence to prove that the District did not honestly believe the reason it articulated, when the Chancery Court has already determined that it is valid. Hence, under the *McDonnell Douglas* framework, the District is entitled to judgment. The result is the same under the more flexible standard of *Ortiz v. Werner Enterprises, Inc.,* 834 F.3d 760 (7th Cir. 2016).

In *Ortiz,* the Seventh Circuit abandoned references to "direct" versus "indirect" methods of proof and reduced the analysis in discrimination cases to the following: "Whether a reasonable juror could conclude that the plaintiff would have kept his job if he had a different ethnicity, and everything else had remained the same." *Ortiz,* 834 F.3d at 764-765. In the retaliation context, this formulation would be restated as whether a reasonable juror could conclude that Antlitz would not have been disciplined if she had not complained of discrimination and everything else had remained the same? In the context of the Chancery Court's having found that there was good cause for Antlitz's discipline, the answer to that question is absolutely not. No reasonable juror could find that the District retaliated against Antlitz when the District had good cause for the discipline. In light of the court's finding that the District had good cause to discipline Antlitz, there is no legal route to a

finding of illegal retaliation under the *Ortiz* formulation either. Thus, under the *McDonnell Douglas* framework or *Ortiz*, the result is the same: the District is entitled to judgment because a court of competent jurisdiction has determined that the District had good cause to discipline Antlitz.

    B.    <u>The District is Also Entitled to Judgment On Antlitz's State Court Claims of Retaliation Because of the Issue Preclusion Effect of the Chancery Court Decision.</u>

As this Court noted, under the Illinois Whistleblower Act, Antlitz must show the following: 1) an adverse employment action by the District, 2) which was in retaliation 3) for the employee's disclosure to a government or law enforcement agency 4) of a suspected violation of an Illinois or federal law, rule or regulation. S J Opinion at 36[2]. However, as this Court also noted, "Causation cannot be shown where the employer has a valid, non-pretextual reason for taking adverse employment action." S J Opinion at 37. There can be no doubt that if the employer can show good cause for taking the adverse employment action, the retaliation claim would be defeated. In this case, the District does not have to prove at trial that it had a "valid, non-pretextual reason for taking employment action" because the Chancery Court has already so ruled. The Chancery Court's determination that the District had good cause to discipline Antlitz constitutes legally irrefutable evidence that the District had a valid reason for its employment action.

As a final point, the District notes that Antlitz continues to appeal the issue of the level of discipline that the EAB ordered imposed. *See Deborah Antlitz v. Employee Appeals Board, et al.*, 18 CH 10061. The result of that continuing litigation is immaterial to the issues raised in this motion. ALJ Kinoy found, and the Chancery Court affirmed, that the District has the burden of

---

[2]The arguments in this section apply both to Antlitz's claims under the Whistleblower Act and under the Cook County ordinance. In both instances, the District argued that it had legitimate reasons to discipline Antlitz. S J Opinion at 40.

proving good cause for any level of discipline that it imposes. That decision is final and not appealable. Thus, the determination that the District had good cause for disciplining Antlitz will obtain no matter the ultimate level of discipline that is imposed.

<u>**Conclusion**</u>

On January 10, 2018, the Chancery Court entered a final and appealable order between these parties in which it determined that the District had established good cause for disciplining Antlitz for her conduct in sharing the draft resource management plan with persons outside of the District. Exh. 2, pp. 3, 5. In this case, the District has identified that same conduct as one of its legitimate, non-retaliatory bases for disciplining Antlitz. Because the Chancery Court decision is final and now non-appealable, it must be given collateral estoppel effect in this Court. Accordingly, for the reasons stated above, Antlitz's First Amended Complaint should be dismissed with prejudice and with costs.

Respectfully submitted,

**FOREST PRESERVE DISTRICT OF COOK COUNTY**

BY:     <u>s/ Hubert O. Thompson</u>
        One of Its Attorneys

Hubert O. Thompson
Alan W. Brothers
**BROTHERS & THOMPSON, P.C.**
155 North Michigan Avenue
Suite 200
Chicago, Illinois 60601
(312) 372-2909
E-mail: hthompson@brothersthompson.com

9