# EXHIBIT 2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| DEBORAH ANTLITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16 CH 15524 |
| | ) | |
| FOREST PRESERVE DISTRICT OF COOK COUNTY, et al. | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| FOREST PRESERVE DISTRICT OF COOK COUNTY, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16 CH 14861 |
| | ) | |
| COOK COUNTY APPEALS BOARD, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The Forest Preserve District of Cook County has filed a Complaint for Administrative Review against the Cook County Department of Employee Appeals and Deborah Antlitz.

Deborah Antlitz has filed a Complaint for Administrative Review against the Cook County Department of Employee Appeals and the Forest Preserve District of Cook County.

The parties have filed briefs in support of, and in opposition to, the Complaints.

### I. Background

Deborah Antlitz is employed as an ecologist with the Cook County Forest Preserve District ("the District"). On February 4, 2016, Charles O'Leary, the Deputy Director of Resource Management, issued a Disciplinary Action Form ("DAC") to Antlitz. The DAC was based on three separate incidents:

>   (1) The DAC alleged that on January 19, 2016, Antlitz forwarded an email containing a draft document with internal comments and disagreements with her supervisor to third

1

parties. The DAC further asserted that Antlitz made reference to an unrelated report which purportedly embarrassed and harassed another employee. The District concluded that Antlitz had violated Policy 8.03(b)(3); Policy 8.03(c)(2); Policy 8.03(c)(14); and Policy 8.03(c)(16)[use of information technology for an unauthorized purpose].

(2) The DAC alleged that on January 14 and 22, 2016, Antlitz created a disruption by giving a third-party contractor conflicting information on work to be performed. The DAC asserted that as a result, the contractor's work came to a halt and created an unscheduled shift in the work to be performed. The District concluded that this constituted a violation of the District's Rules and Regulations Governing Employee Conduct Policy 8.03(b)(3)[fighting or disruptive behavior]; Policy 8.03(c)(2)[failure to follow procedures and policies]; and Policy 8.03(c)(14)[performing at less than a satisfactory level].

(3) The DAC alleged that on January 25, 2016, after the conclusion of her annual review, Antlitz handed her supervisor, Charles O'Leary, a copy of an email exchange identifying O'Leary and the Resource Management Department as subjects of a possible investigation. O'Leary interpreted the email as an attempt to harass and intimidate him in violation of Policy 8.03(b)(3) and 8.03(c)(11).

(R. 664). Antlitz's discharge was effective March 28, 2016.

Antlitz filed an appeal and a hearing took place on August 24, 2016 before an administrative law judge ("ALJ") of the Employees Appeals Board ("the Board"). On October 3, 2016, the ALJ issued his recommendation that Antlitz's discharge be reduced to reinstatement with back pay subject to a 29-day suspension. On October 26, 2016, the Board adopted the ALJ's recommendation.

## II. Administrative Review

On administrative review, the standard of review applied by the trial court depends upon the issue presented. Questions of law are reviewed *de novo*. Knight v. Village of Bartlett, 338 Ill. App. 3d 892 (1st Dist. 2003). Mixed questions of law and fact are subject to the "clearly erroneous" standard of review. Marconi v. Chicago Heights Police Pension Board, 361 Ill. App. 3d 1, 16 (1st Dist. 2005). Questions of fact are subject to the "manifest weight of the evidence" standard of review. O'Boyle v. Personnel Board of Chicago, 119 Ill. App. 3d 648, 653 (1st Dist. 1983).

Under the manifest weight of the evidence standard of review, "[t]he findings and conclusions of fact of the agency, charged with the primary responsibility of adjudication in a specialized area, are to be held *prima facie* true and correct." O'Boyle v. Personnel Board of Chicago, 119 Ill. App. 3d 648, 653 (1st Dist. 1983). To find that a decision is against the manifest weight of the evidence, the trial court "must be able to conclude that 'all reasonable and unbiased persons, acting within the limits prescribed by the law and drawing all inferences in support of the finding, would agree that the finding was erroneous and that the opposite conclusion is clearly evident.'" Id. "That an opposite conclusion might be reasonable or that

2

the court might have reached a different conclusion is not adequate to set aside the agency's decision." Id.

"When the decision of an administrative agency presents a mixed question of law and fact, the agency decision will be deemed 'clearly erroneous' only where the reviewing court, on the entire record, is 'left with the definite and firm conviction that a mistake has been committed.'" AFM Messenger Svc., Inc. v. Department of Employment Security, 198 Ill. 2d 380, 394 (2001)(citation omitted).

### A. *The January 19, 2016 Forwarding of a Draft Document*

The ALJ found that Antlitz's forwarding of an annotated draft of a management resource plan exhibited poor judgment and failure to follow instructions. Specifically, O'Leary had the final say in the wording of the document and the drafting process and Antlitz should have consulted with O'Leary. However, there was no evidence that Antlitz was motivated by a desire to harm or embarrass O'Leary or the District. Rather, she appeared to be motivated by a mission to finish the plan and protect resources.

The ALJ further found that Antlitz should have known that it was not appropriate to publish O'Leary's comments and her responses without his approval. The ALJ also found that Antlitz's inclusion of a link about her coworker was troubling and perhaps immature, but did not identify the coworker and was derived from a public document available on the internet.

The ALJ concluded that while the District had good cause to discipline Antlitz for violation of Policies 8.03(c)(2), 8.03(c)(1) and 8.03(c)(14), the District had not established a violation of Rule 8.03(b)(3). While Antlitz's behavior was disturbing, it did not rise to the level of "fighting or disruptive behavior" necessary for a "major cause" violation justifying termination without progressive discipline.

The ALJ found that Antlitz should have received a lesser discipline of a 29-day suspension with an admonishment that further conduct of the same sort could result in termination. The ALJ noted that while Antlitz had never been formally disciplined for this type of conduct, she had been counseled by email in December 2014.

### 1. *The District's Argument for Reversal*

The District contends that it did establish a violation of Policy 8.03(b)(3) and that the ALJ's finding to the contrary, adopted by the Board, was clearly erroneous. However, the District's argument is based on its own characterization of Antlitz's conduct as "defiance" and amounts to a challenge of the ALJ's factual findings.

The ALJ specifically considered the evidence before him and concluded that there was no evidence of such "defiance." Rather, the ALJ found that based on the evidence, Antlitz had displayed poor judgment and a failure to follow instructions. "[A] reviewing court may not re-evaluate the credibility of witnesses or resolve conflicting evidence." Alden Nursing Center-

Morrow, Inc. v. Lumpkin, 259 Ill. App. 3d 1027, 1033 (1st Dist. 1994); Harris v. Department of Children & Family Servs., 2015 IL App (1st) 133258, ¶58.

Given the ALJ's factual findings, his conclusion that the District had not established a violation of Policy 8.03(b)(3) was not clearly erroneous.

### 2. *Antlitz's Argument for Reversal*

Antlitz contends that the 29-day suspension should be reversed because the ALJ's findings, adopted by the Board, were against the manifest weight of the evidence. Once again, it not the province of this court to evaluate credibility or resolve conflicting evidence. There is competent evidence in the Record supporting the findings.

Antlitz further contends that the decision to impose a 29-day suspension was arbitrary and capricious. Policy 8.042(d) sets out the progressive discipline schedule applicable to District employees. As set forth by the ALJ, except for major cause infractions, discipline includes the following steps under Policy 8.042(d): (1) first offense – oral reprimand; (2) second offense – written reprimand; (3) third offense – suspension; (4) fourth offense – termination.

The ALJ found that progressive discipline should have been applied to Antlitz's violations of District policy. The ALJ found that Antlitz had never been formally disciplined for this type of behavior, but had been informally cautioned about disclosing such information to outside parties in an email dated December 14, 2015. Based on the ALJ's own findings, the January 19, 2016 forwarding of the draft document was, at most, a second offense. Under Policy 8.042(d), a second offense warrants a written reprimand, not a suspension.

The ALJ offered no explanation for not following the District's progressive discipline policy despite stating that Antlitz was entitled to progressive discipline. Therefore, the 29-day suspension was arbitrary and capricious.

The 29-day suspension is reversed and this case remanded for the imposition of a lesser sanction consistent with Policy 8.042(d).

### B. *The Third Party Contractor Incident*

The ALJ made extensive findings of fact and concluded that the District had failed to establish any violation of District policies regarding Antlitz's interactions with a third-party contractor. The District argues that the ALJ failed to take into account a three-day suspension in 2012 was clearly erroneous.

Contrary to the District's assertion, the ALJ took the three-day suspension into account. However, the ALJ disagreed with the District that conduct at issue was similar. That finding was not clearly erroneous.

The District also contends that the ALJ's findings of fact were against the manifest weight of the evidence. There is ample competent evidence in the Record to support the ALJ's findings. It is not for this court to reweigh the evidence or judge credibility.

### C. *The January 25, 2016 Incident*

The ALJ found that the District had not sustained its burden of showing a violation of District Policy in connection with the January 25, 2016 incident. The District makes no argument as to this finding.

### III. Conclusion

The Board's Decision of October 26, 2016 is reversed solely as to the imposition of a 29-day suspension against Antlitz. The remainder of the Decision is affirmed.

This case is remanded to the Board for the imposition of lesser discipline as to the January 19, 2016 incident consistent with Policy 8.042(d).

The status date of January 18, 2018 is stricken.

Enter: 

_____
Judge Neil H. Cohen